UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MIAMI VALLEY FAIR HOUSING CENTER, INC., | * * * | CIVIL ACTION _____ |
| Plaintiff, | * | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | * * | |
| | * | **JURY DEMAND** |
| SEXTON HILLSIDE, LLC, | * * | |
| Defendant. | * | |
| ********************************** | * | |

1. This is a claim for damages brought by Plaintiff Miami Valley Fair Housing Center, Inc. (MVFHC), against Defendant Sexton Hillside, LLC, pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201, and 2202, and 42 U.S.C. § 3613(a).

3. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of this district, the events giving rise to these claims occurred in this district, and these claims concern or otherwise relate to real property located in this district.

**PARTIES**

4. Plaintiff Miami Valley Fair Housing Center, Inc. is a private non-profit organization incorporated under the laws of Ohio. Its mission includes the elimination of housing discrimination against all persons because of race, color, religion, national origin, sex, disability,

familial status, or any other characteristic protected under federal, state, or local laws, and to ensure that housing opportunities are provided without illegal discrimination.

5. MVFHC provides counseling, guidance, information, and support to individuals who encounter discrimination in their search for housing. MVFHC also undertakes actions that are designed to encourage fair housing practices by educating consumers of their rights and professionals of their responsibilities under the FHA; identifying barriers to fair housing in order to counteract and eliminate discriminatory housing practices; and working with elected and government representatives to protect and improve fair housing laws.

6. Plaintiff is a Qualified Fair Housing Enforcement Organization within the meaning of 24 C.F.R. Subtitle B, Ch. I, Section 125–103. It is qualified to receive federal funding under the Fair Housing Initiatives Program, which is a critical component of the civil rights enforcement infrastructure in the United States. *See* Housing and Community Development Act of 1987, § 561 (42 U.S.C. § 3616a). Among other criteria, it has been certified by HUD to have at least two years of experience in complaint intake, complaint investigation, testing for fair housing violations, and enforcement of claims.

7. Defendant Sexton Hillside, LLC, is a foreign limited liability company operating in the State of Ohio. Defendant has owned and/or managed residential rental properties in Montgomery County, Ohio, including dwellings located at 920 Great View Circle in Centerville, Ohio.

## FACTS

*Plaintiff's Investigation Revealed Violations of the Fair Housing Act.*

8. From June to September 2017, Plaintiff conducted a series of tests in order to monitor Defendant's housing practices and compliance with the Fair Housing Act.

9. On September 15, 2017, a tester posed as the parent of a disabled son seeking housing with a reserved accessible parking space with an adjacent striped access aisle for use by a disabled person who has a van with a wheelchair lift.

10. The building in question had eighteen spots for twelve units. The request for a reserved accessible parking space was a reasonable accommodation request under the Fair Housing Act.

11. Defendant denied the request. The reason for the denial was that the request would present an "undue hardship on the remaining tenants" to allow a tenant with a disability a space with an access aisle as this would effectively take away two spaces. Defendant's agent told the tester that Defendant could not provide a reserved accessible parking space with an adjacent striped access aisle because that would be the equivalent of two reserved accessible parking spaces, and that the request was therefore unreasonable.

12. Defendant's refusal to accommodate the requested reserved accessible parking space with an adjacent striped access aisle for use by a disabled person denies persons requiring this accommodation an opportunity to secure housing and is a violation of the Fair Housing Act.

*Plaintiff Initiated Administrative Enforcement Proceedings*

13. Pursuant to 42 U.S.C. §3610(f) and O.R.C. §4112.05, on or about August 23, 2018, Plaintiff filed a timely charge with the Ohio Civil Rights Commission (dual filed with the U.S. Department of Housing and Urban Development) against Defendant, alleging an unlawful discriminatory practice based on disability. See attached Exhibit A.

14. The Ohio Civil Rights Commission conducted an investigation of Plaintiff's charge pursuant to, and in accordance with, R.C. 4112.05(B)(2). As a result of its investigation, the Commission determined that it was probable that unlawful practices had been or were being

engaged in by Defendant. The Commission attempted informal methods of conciliation with Defendant pursuant to R.C. 4112.05(B)(4). Those attempts failed to resolve the claims raised herein. On September 9, 2021, the Ohio Civil Rights Commission, at its regular meeting, authorized the Office of the Ohio Attorney General to commence enforcement proceedings on behalf of and in the name of the Commission. Since that time, the Ohio Attorney General has initiated enforcement proceedings against Defendant.

15. Pursuant to 42 U.S.C. §3613(a)(1), the statute of limitations has been suspended while Plaintiff's complaint of discrimination was pending before the Ohio Civil Rights Commission.

*Defendant Breached a Prior Consent Order.*

16. Plaintiff has previously investigated Defendant for alleged unlawful fair housing practices. As a result of that previous investigation, in 2015 Defendant entered into a Conciliation Agreement and Consent Order. See attached Exhibit B.

17. Among other things, Defendant agreed in the Conciliation Agreement and Consent Order to:

> ". . . adopt a written policy stating that Respondents comply with the FHA and as such welcome all people, including those with disabilities, and will endeavor to assist persons with disabilities in order to encourage persons with disabilities to consider living in properties owned by Respondents. Said written policy will be distributed to all existing residential real estate tenants of any housing owned or operated by Sexton Companies, as well as a copy be provided to MVFHC, within thirty (30) days from the execution of the settlement or conciliation agreement. **Said policy will also be provided to all potential tenants by Respondents together with and when an application is provided.**" (emphasis added)

4

18. During the testing conducted by Plaintiff in June-September 2017, neither of Plaintiff's testers received a copy of the written policy required by the Conciliation Agreement and Consent Order. Defendant has therefore breached its agreement with Plaintiff.

*Plaintiff Incurred Damages and Costs as a Consequence of Defendant's Unlawful Behavior and Breach of Agreement.*

19. As a result of the Defendant's violations the Fair Housing Act and breach of Agreement as described above, Plaintiff MVFHC suffered damages and incurred costs that are compensable under the Fair Housing Act. Specifically, Plaintiff MVFHC was forced to divert scarce resources to identify, investigate, and attempt to eliminate the Defendant's discriminatory behavior.

20. The Defendant's conduct also frustrated MVFHC's mission to eradicate discrimination in housing, and undermined the effectiveness of the programs and services it provides, including encouraging integrated living patterns, providing assistance to individuals affected by discriminatory housing practices, and eliminating discriminatory housing practices.

21. As of the filing of this Complaint, Plaintiff has been damaged as a result of Defendant's actions in an amount excess of Twenty Thousand Dollars (> $20,000.00). These damages are continuing and ongoing.

22. Plaintiff has made a demand for such damages and costs, but Defendant has refused to pay them.

*Punitive Damages Are Warranted.*

23. The conduct of Defendant described above was intentional and was carried out with malice and/or reckless indifference to the federally protected rights of Plaintiff and people with disabilities.

24. Defendant intentionally and knowingly engaged in the practice described above, with the intent of denying rights under the Fair Housing Act.

## CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT

25. Plaintiff adopts and re-alleges the allegations of paragraphs 1 through 24 of this Complaint.

26. Defendant injured Plaintiff in violation of the Fair Housing Act by committing the following discriminatory practices:

    a. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3).

## JURY TRIAL DEMAND

27. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court grant judgment in its favor, and against Defendant, as follows:

A. Determine and adjudge that Defendant has committed unlawful discriminatory practices in violation of 42 U.S.C. §3604(f)(3);

B. Issue an injunction permanently restraining and enjoining Defendant from engaging in unlawful discriminatory practices with regard to housing;

C. Award compensatory damages to Plaintiff in an amount to be proved at a trial before a jury that would fully compensate Plaintiff for the injuries it alleged herein resulting from Defendant's unlawful discrimination.

D. Award punitive damages in an amount to be proved at trial before a jury, that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter Defendant from engaging in similar conduct in the future.

E. Award Plaintiff its reasonable attorneys' fees and costs.

F. Award further relief, including, but not limited to, training, policy provisions, posting, advertising, and all relief that might be just and proper.

Date:     December 13, 2021          Respectfully Submitted,

 /s/ Stephen M. Dane
Stephen M. Dane (Oh Bar # 0013057)
DANE LAW, LLC
312 Louisiana Avenue
Perrysburg, OH 43551
419-873-1814
sdane@relmanlaw.com

*Attorney for Plaintiff*