**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MIAMI VALLEY FAIR HOUSING, CENTER, INC., | : : : | |
| | : | Case No. 3:21-cv-00329 |
| Plaintiff, | : : | Judge Thomas M. Rose |
| v. | : : | Magistrate Judge Caroline H. Gentry |
| SEXTON HILLSIDE, LLC, | : : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

**ANSWER OF DEFENDANT SEXTON HILLSIDE, LLC
TO PLAINTIFF MIAMI VALLEY FAIR HOUSING CENTER, INC.'S COMPLAINT**

Defendant Sexton Hillside, LLC ("Defendant"), by and through counsel, hereby answers and asserts its affirmative defenses to the Complaint filed by Plaintiff Miami Valley Fair Housing Center, Inc. ("Plaintiff"), according to the numbered paragraphs therein, as follows:

1. Defendant states that the allegations contained in Paragraph 1 constitute legal conclusions to which no further response is required and, therefore, denies same.

**JURISDICTION AND VENUE**

2. Defendant states that the allegations contained in Paragraph 2 constitute legal conclusions to which no further response is required and, therefore, denies same.

3. Defendant admits the allegations contained in Paragraph 3 only to the extent that Defendant owns and manages real property in the district. Defendant states that the remaining allegations contained in Paragraph 3 constitute legal conclusions to which no further response is required and, therefore, denies same.

**PARTIES**

4. Defendant denies the allegations contained in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

5. Defendant denies the allegations contained in Paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. Defendant states that the allegations contained in Paragraph 6 constitute legal conclusions to which no further response is required and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. Defendant admits the allegations contained in Paragraph 7 only to the extent that Defendant is a foreign limited liability company operating within the State of Ohio that owns and manages dwellings located at 920 Great View Circle in Centerville, Montgomery County, Ohio. Answering further, Defendant denies the remaining allegations contained in Paragraph 7.

**FACTS**

8. Defendant denies the allegations contained in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10 only to the extent that the building in question had eighteen spots for twelve units. Answering further, Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant admits the allegations contained in Paragraph 11 only to the extent that Defendant determined that the request would present an undue hardship on its tenants in that it would require reservation of two parking spaces and conveyed same to the purported tester. Answering further, Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant states that the allegations contained in Paragraph 12 constitute legal conclusions to which no further response is required and, therefore, denies same. Answering further, Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant admits the allegations contained in Paragraph 14 only to the extent that the Ohio Civil Rights Commission's attempted conciliation was unsuccessful and that, since that time, the Ohio Attorney General, on behalf of the Ohio Civil Rights Commission, has initiated a civil lawsuit against Defendant in the Montgomery County Court of Common Pleas. Defendant denies the remaining allegations contained in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. Defendant states that the allegations contained in Paragraph 15 constitute legal conclusions to which no further response is required and, therefore, denies same.

16. Defendant admits the allegations contained in Paragraph 16 only to the extent that Defendant entered into a Conciliation Agreement and Consent Order in 2015. Defendant denies the remaining allegations contained in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. The allegations in Paragraph 17 purport to restate portions of the Conciliation Agreement and Consent Order, which is attached to Plaintiff's Complaint as Exhibit B and which document speaks for itself. Answering further, Defendant denies the remaining allegations contained in Paragraph 17.

18. Following a reasonable investigation, Defendant can neither admit nor deny the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

## CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT

25. Defendant restates all of its previous admissions, denials, and responses as if fully rewritten herein.

26. Defendant denies the allegations contained in Paragraph 26, including the allegations contained subpart a.

## JURY TRIAL DEMAND

27. Defendant states that Paragraph 27 does not contain any allegations to which any response is required and, therefore, denies same.

28. Defendant denies each and every allegation not specifically admitted to be true herein.

29. Answering the WHEREFORE paragraph of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested therein or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Defendant states:

## FIRST DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## SECOND DEFENSE

Plaintiff cannot demonstrate that it suffered any actual harm as it purports to represent a party that was a tester and not an actual prospective tenant.

## THIRD DEFENSE

Plaintiff has failed to mitigate its damages.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of subject matter jurisdiction.

## SIXTH DEFENSE

Plaintiff has failed to state any claim upon which relief can be granted.

## SEVENTH DEFENSE

To the extent there was any request for an accommodation, such request was unreasonable and would have imposed an undue burden upon Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendant's decisions and actions were motivated by lawful, legitimate, and non-discriminatory factors.

## NINTH DEFENSE

Defendant did not discriminate against any prospective tenant in the terms, conditions, or privileges of rental of any unit on Defendant's property or in the provision of services or facilities in connection with the rental of any unit on Defendant's property because of any prospective tenant's disability.

## TENTH DEFENSE

Defendant did not refuse to make reasonable accommodations in rules, policies, practices, or services necessary to afford any prospective tenant equal opportunity to use and enjoy any unit on Defendant's property.

## **ELEVENTH DEFENSE**

Defendant states that it intends to rely upon any other defenses, affirmative or otherwise, that may become available or appear during discovery proceedings in this case and reserve the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss the Complaint in its entirety, and award Defendant all costs and expenses incurred in defending this action, including interest and attorneys' fees.

Respectfully submitted,

*/s/ Catherine L. Strauss*
Catherine L. Strauss (0072980)
Abigail J. Barr (0092679)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Catherine.Strauss@icemiller.com
Abigail.Barr@icemiller.com

*Counsel for Defendant Sexton Hillside, LLC*

## **JURY DEMAND**

Defendant Sexton Hillside, LLC demands a jury on all issues so triable.

*/s/ Catherine L. Strauss*
Catherine L. Strauss (0072980)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed via the Court's electronic filing system this 14th day of February 2022 which shall subsequently serve a copy of same upon all parties of record.

*/s/ Catherine L. Strauss*
Catherine L. Strauss (0072980)