IN THE UNITED STATES DISTRICT
COURTFOR THE SOUTHERN DISTRICT
OF OHIO WESTERN DIVISION AT
DAYTON

| | | |
|---|---|---|
| MIAMI VALLEY FAIR HOUSING CENTER, INC., | * * * | Civil Action No. 3:21-cv-00329 |
| Plaintiff, | * * | Judge Thomas M. Rose |
| v. | * * * | Magistrate Judge Caroline H. Gentry |
| SEXTON HILLSIDE, LLC, | * * | **RULE 26(f) REPORT OF PARTIES** |
| Defendant. | * | |
| ********************************* | * | |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on April 4, 2022, and was attended by:

    Stephen M. Dane, counsel for Plaintiff Miami Valley Fair Housing Center, Inc.

    Abigail J. Barr, counsel for Defendant Sexton Hillside, LLC.

2. The parties:

    \_\_\_\_  have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1),including a medical package (if applicable).

    _X_  will exchange such disclosures by April 29, 2022.

    \_\_\_\_  are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

    \_\_\_\_  unanimously consent to the jurisdiction of the United States Magistrate Judgepursuant to 28 U.S.C. § 636(c).

   X    do not unanimously consent to the jurisdiction of the United States MagistrateJudge pursuant to 28 U.S.C. § 636 (c).

        unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g.,because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

   May 27, 2022

5. Recommended cut-off date for filing any motion to amend the pleadings and/or toadd additional parties:  July 1, 2022

6. Recommended discovery plan:

   a.  Describe the subjects on which discovery is to be sought and the nature, extentand scope of discovery that each party needs to: (1) make a settlement evaluation,
   (2) prepare for case dispositive motions and (3) prepare for trial:

   Plaintiffs expect to conduct discovery on the following subjects:

   1. The facts and circumstances surrounding Plaintiff tester's requests for parking accommodations from Defendant.
   2. The justifications and reasons provided by Defendant for denying or delaying the requests for parking accommodations.
   3. All communications between Defendant and the Ohio Civil Rights Commission in connection with the administrative investigation of Plaintiff's claims of discrimination.
   4. Defendant's compliance with the 2015 Consent Order.
   5. Defendant's financial resources and wealth for purposes of establishing an appropriate punitive damages award.

   Defendants expect to conduct discovery on the following subjects:

   1. The facts and circumstances surrounding Plaintiff's basis for dispatching a tester to Defendant's property.
   2. The reasons why Plaintiff's tester failed to continue engagement in the interactive process when Defendant requested the testers place their

   accommodation requests in writing.
3. The reasons why Plaintiff maintained that Defendant's offer of an alternative accommodation was unreasonable.
4. All communications between Plaintiff and the Ohio Civil Rights Commission regarding Plaintiff's charge of discrimination and the investigation into same.
5. The justification and basis for as well as calculation of Plaintiff's purported damages.

b. What changes should be made, if any, in the limitations on discovery imposedunder the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

  None anticipated.

c. Additional recommended limitations on discovery:

  The parties stipulate that depositions may be conducted by remote means, FRCP 30(b)(4).

d. Recommended date for disclosure of lay witnesses.

  July 1, 2022

e. Describe the areas in which expert testimony is expected and indicate whethereach expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

  Possible expert testimony regarding parking access aisles.

f.  Recommended date for making primary expert designations:

   September 2, 2022

g.  Recommended date for making rebuttal expert designations:

   September 30, 2022

h.  The parties have electronically stored information in the following formats:

   Emails (Gmail from Google), Microsoft Word (.docx), Microsoft Excel (.xlsx), Portable Document Format (.pdf), photographs (.jpeg) or (.jpg), audio (.mp3) and video recordings (.mov). Additionally, the Miami Valley Fair Housing Center maintains its client data, case data, and staff time sheets on a proprietary mySQL database, from which MVFHC can export data to a (.csv) *[comma separated value]* file.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it shouldbe produced:

   No unusual issues anticipated.

i.  The case presents the following issues relating to claims of privilege or ofprotection as trial preparation materials:

   No unusual issues anticipated.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

    __X__ No

    _____ Yes

    _____ Yes, and the parties ask that the Court include theiragreement in an order.

    j. Recommended discovery cut-off date:  December 30, 2022

7. Recommended dispositive motion date:  February 3, 2023

8. Recommended date for status conference (if any): _____

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    The Parties request a referral to mediation in November 2022.

10. Recommended Date for Pretrial Conference:  Thirty days prior to trial.

11. Has a settlement demand been made?  __NO__.  A response? _____

    Date by which a settlement demand can be made:  October 31, 2022

    Date by which a response can be made:  November 18, 2022

12. Other matters pertinent to scheduling or management of this litigation:

    None.

Signatures:

Attorney for Plaintiff:                                    Attorney for Defendant

/s/ Stephen M. Dane                                        /s/ Abigail J. Barr
Stephen M. Dane Ohio Bar # 0013057.                        Abigail J. Barr Ohio Bar #0092679
Trial Attorney for Plaintiff                               Trial Attorney for Defendants

                                                       /s/ Catherine L. Strauss
                                                       Catherine L. Strauss Ohio Bar #0072980

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Stephen M. Dane
Stephen M. Dane