**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| Miami Valley Fair Housing Center, | : | |
| | : | Case No. 3:21-cv-00329 |
| Plaintiff, | : | |
| | : | Judge S. Thomas M. Rose |
| v. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Sexton Hillside, LLC | : | |
| | : | **AGREED PROTECTIVE** |
| Defendants. | : | **ORDER** |
| | : | |

Upon application of the parties and for good cause shown, this Court hereby enters the following protective order (the "Protective Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. Any document (as the term is defined in Fed. R. Civ. P. 34), electronically stored information, interrogatory answer, deposition testimony, or other information, or any portion thereof, produced through formal or informal pre-trial discovery in the above-captioned case (the "Litigation") may be designated as described below by the party producing it if such party reasonably believes that such material constitutes, or contains confidential business, proprietary, or financial information of a party, or of any other person, and is entitled to protection.

2. Material designated for protection under this Protective Order ("Protected Material") shall be marked by the party producing it as "CONFIDENTIAL." This language, or similar language, shall be placed clearly on each such page or portion of the Protected Material designated for protection or, in the case of electronic information, on any store media (such as diskette or CD) on which a copy of the information is produced. If copies of documents are not to be provided initially to the inspecting party, and the documents are to be produced for inspection, then the producing party may advise the party inspecting the documents, in writing, of their confidential status. If copies are later made, they shall be marked as provided herein to indicate their confidential status.

3. Protected Material disclosed at any deposition occurring in the Litigation may be designated by any party by: (i) indicating on the record at the deposition that the testimony is Protected Material, or (ii) notifying the other parties in writing, within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript containing Protected Material. All depositions shall be treated as containing Protected Material until thirty (30) days after a transcript of the deposition is received. Any party may also designate information or exhibits disclosed at such deposition as Protected Material by notifying the other party in the same manner within thirty (30) days after receipt of the transcript of the specific pages and lines of the transcript containing Protected Material. Upon written notification from the party designating the information or

1

exhibits disclosed as Protected Material, the court reporter shall designate those portions of the deposition transcripts and exhibits which are considered to be Protected Material.

      4.     Protected Material may be disclosed to the following persons only upon the prior written consent of the producing party and prior to any disclosure:

        a)    Outside attorneys for the parties and regular employees of such attorneys assigned to and necessary to assist in the Litigation;

        b)    In-house attorneys engaged in the Litigation and regular employees of such attorneys assigned to and necessary to assist in the Litigation;

        c)    Current or former employees or agents of the party or person who produced and/or authored the Protected Material;

        d)    The officers, directors, members, and employers of the Parties or their parent, subsidiary, or affiliated entities to the extent reasonable and necessary;

        e)    Disclosed bona fide consultants and experts, to the extent reasonable and necessary;

        f)    The Court, court employees, deposition and trial court reporters, and employees of outside copy services used to make copies of Protected Material; and

        g)    Any other person agreed to in writing by the parties.

      5.     In depositions of any persons for the Litigation, a reasonable, prior, and written notice shall be given by counsel for the producing party of any intention to use Protected Material at such deposition, except that no such notice need be given where such person was originally the author of or the recipient of the Protected Material.  Upon providing such notice either under this Paragraph or under Paragraph 4 (a-g), the producing party may seek a protective order and where a protective order is sought the party seeking to use such material may not do so during the pendency of the motion for a protective order without either producing a party's written or transcribed consent ( which shall not be unreasonably withheld) or a court order.  Once a party has used Protected Material at the deposition of any witness or in connection with sworn statements, the other party may use said material in its examination of the same witness,declarant, or affiant without any further action.

      6.     Protected Material produced or exchanged shall not be used for any purpose other than preparation for the Litigation, the pending trial, and any pre-trial or post-trial proceedings involving the parties and/or the Protected Material.

      7.     FILING UNDER SEAL: For all Protected Material that a party wishes to file with the Court, and any pleading, motion, or other paper to be filed with the Court containing or disclosing such material, the filing party shall seek permission to file the document under seal by filing a motion for leave to file under seal. Any motion to file a document subject to this Order

under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

8. Any Party who discloses information to any other party during the course of discovery in this case without designating the information as Protected Material may subsequently elect to treat such disclosed information as Protected Material by notifying the receiving party or parties in writing of the disclosing party's election to so treat the disclosed information, and by providing new copies of the disclosed information properly marked or stamped as set forth herein. Protected Material newly designated pursuant to this paragraph shall thereafter be subject to this Agreement. Further, production of documents in order to expedite document exchange shall not constitute a waiver of a party's objection to later producing such documents or to redacting portions of such documents prior to production. The inadvertent production of documents subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity and any such documents shall be promptly returned by any receiving party upon written request from the producing party.

9. A party shall not be obligated to challenge the propriety of a designation of Protected Material at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any Party may request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating party does not agree to redesignation within five (5) business days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the party who designated the Protected Material to show why its designation of information is proper. The document or information in question shall be treated as Protected Material until such a time as the issue is resolved by the Court.

10. All persons classified under paragraph 4(e) to whom Protected Material is disclosed in accordance with the terms of this Order shall execute a copy of the Acknowledgement attached to this Protective Order, acknowledging his or her agreement to be bound by its terms, and return to the other party prior to any disclosure.

11. The restrictions embodied in this Protective Order shall be binding upon the party to whom the Protected Material is produced unless and until that party shows, upon written notice to the other party, that the Protected Material was or became public knowledge absent a breach of the restrictions of this Protective Order.

12. If any party seeks discovery from a non-party to this case, the non-party may invoke the terms of this Protective Order with respect to any Protected Material provided to the Parties by advising them in writing and following the procedures set forth herein. The restrictions embodied in this Protective Order shall be binding upon the party to whom such Protected Material is

4890-9463-6642.1

produced unless and until that party shows upon written notice to the Court that the Protected Material was or became public knowledge absent a breach of the restrictions of this Agreement.

13. This Protective Order shall not bar any attorney in the course of rendering advice to his or her client concerning this case from referring to, or relying generally upon his or her examination of Protected Material; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Protected Material produced by another party or a non-party, if that disclosure would be contrary to the terms of this Protective Order.

14. Nothing in this Protective Order shall be construed as requiring disclosure of any material that counsel contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, the anticipation of litigation privilege, or any other applicable rule or law.

15. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials in the Litigation.

16. Whenever Protected Material under this Protective Order is to be discussed at a deposition, any person, other than the person designated in Paragraph 5 of this Protective Order, can be removed from the room for that portion of the deposition, as appropriate.

17. Nothing in this Protective Order shall prevent a party from providing in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

18. The treatment accorded Protected Material under this Protective Order shall survive the termination of the Litigation.

19. Upon termination of the Litigation (including any appeals), each party shall either return all protected material produced by any other party to such producing party or, in the alternative, certify that all such protected material has been destroyed, including any copies thereof, provided, however, that counsel for the parties shall be entitled to retain copies as necessary to preserve their respective file(s) for the Litigation.

IN WITNESS WHEREOF, the parties, by executing this Protective Order, agree to be bound by its terms and conditions.

## **COURT APPROVAL**

APPROVED this __first__ day of ___June_____, 2023

              *s/Caroline H. Gentry*_____
              Hon. Caroline H. Gentry
              United States Magistrate Judge

4890-9463-6642.1

**APPROVED AS TO FORM:**

/s/ Stephen M. Dane
Stephen M. Dane (0013057)
DANE LAW LLC
P.O. Box 1011
Perrysburg, Ohio 43552
sdane@fairhousinglaw.com

*Counsel for Plaintiff Miami Valley Fair Housing Center, Inc.*

/s/ Abigail J. Barr (per consent)
Catherine L. Strauss (0072980)
Abigail J. Barr (0092679)
Amy E. Flowers (0093317)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Catherine.Strauss@icemiller.com
Abigail.Barr@icemiller.com
Amy.Flowers@icemiller.com

*Counsel for Defendant Sexton Hillside, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| Miami Valley Fair Housing Center, | : | |
| | : | Case No. 3:21-cv-00329 |
| Plaintiff, | : | |
| | : | Judge S. Thomas M. Rose |
| v. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Sexton Hillside, LLC | : | |
| | : | **AGREED PROTECTIVE** |
| Defendant. | : | **ORDER ACKNOWLEDGEMENT** |
| | : | |

**AGREED PROTECTIVE ORDER ACKNOWLEDGMENT**

    I, _____, having been retained by _____, in connection with the above-captioned proceeding as an outside expert or bona fide consultant, hereby acknowledge that I may receive PROTECTED MATERIAL supplied by _____, as defined in the Agreed Protective Order entered in this case.

    I certify that the PROTECTED MATERIAL provided to me is pursuant to the terms and restrictions of the Agreed Protective Order. I have been given a copy of the Agreed Protective Order and have read and understand my obligations under it. I hereby agree to be bound by the terms of the Agreed Protective Order. I understand that any and all PROTECTED MATERIAL that I receive shall not be disclosed to or discussed with anyone not similarly bound by the Agreed Protective Order.

    At the conclusion of the Litigation, I will return all information and materials I receive to counsel of record by whom or on whose behalf I have been retained.

    I hereby submit to the jurisdiction of the U.S. District Court for the Southern District of Ohio for the purpose of enforcement of the Agreed Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

DATE: _____

                                                             Signature: _____

                                                              Printed: _____